AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

FILED
JUL 29 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| In the Matter of the Search of<br><br>White iPhone Cell Phone; and<br>Purple LG Cell Phone | )<br>) Case No. 19-mj-155-PJC<br>)<br>)<br>)<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment "A"

located in the __Northern__ District of __Oklahoma__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession With Intent to Distribute Heroin |

The application is based on these facts:
**See Affidavit of William R. Mackenzie, TFO/DEA, attached hereto.**

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days _____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

William Mackenzie, TFO/DEA

Sworn to before me and signed in my presence.

Date: July 29, 2019

*Judge's signature*

City and state: Tulsa, Oklahoma

Paul J. Cleary, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT FOR SEARCH WARRANT

William R. Mackenzie, being duly sworn under oath, states as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been deputized as a Task Force Officer with the Drug Enforcement Administration (DEA) and I am presently assigned to the Tulsa, Oklahoma office. I am also a police officer for the Tulsa Police Department and have been so for over eighteen years. I have a Bachelor's Degree in Criminal Justice from East Central University. Since becoming a Narcotics Detective with the Tulsa Police Department, I have participated in wire and physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, debriefings of informants and reviews of taped conversations and drug records. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed and the methods of payment for such drugs. I have been the primary investigator in more than five complex conspiracy cases prosecuted within the federal justice system.

3. I have trained other narcotic detectives within the Tulsa Police Department's Special Investigations Division. I have completed the Oklahoma State Bureau of Investigations Clandestine Laboratory Basic Safety Certification and Clandestine Laboratory Site Safety Officer courses presented by Network Environmental

Systems. I have completed the Drug Enforcement Administration Basic Narcotics Investigator School. I have completed an Advanced Undercover Narcotics School. I have completed a Southwest Border Intelligence school and an Outlaw Motorcycle Gang school presented by the Association of Oklahoma Narcotic Enforcers. I have completed a Complex Conspiracies school presented by the Midwest Counterdrug Training Center. I have completed a Communication Exploitation Training presented by the Drug Enforcement Administration Special Operations Division. I have received formal training in narcotics investigations from the Tulsa Police Academy, as well as informal training received from more experienced officers.

4. I have participated in over 500 drug related criminal investigations. I have authored federal Title III affidavits and both state and federal search warrants. I have participated in several Title III investigations, purchased narcotics in an undercover capacity on numerous occasions, and executed controlled deliveries of narcotics. I have interviewed hundreds of defendants involved in the use, manufacture, transportation, and illegal sale of controlled dangerous substances. During the course of these interviews, I have inquired and learned how individuals involved in drug distribution schemes and networks use and disperse the illegal proceeds generated from the illegal sale of controlled dangerous substances, including but not limited to chemicals commonly utilized in the illegal manufacture of methamphetamine.

5. The DEA, HSI, and the Tulsa Police Department Special Investigations Division (SID) are currently conducting a joint investigation targeting Stille Giovanni Gutierrez Vivanco (Giovanni), the suspected leader of a drug trafficking organization

(DTO) that imports heroin from Mexico and distributes the heroin throughout the United States to include the Northern District of Oklahoma. During the course of this investigation, investigators have identified Giovanni as the Mexico-based source of the heroin for Tulsa, Oklahoma. Investigators have also identified Norman Fabian Huerta Avalos (aka Fabian Gomez), Jose Garcia, Osiel Serafin Calderon, Edson Garcia-Velasquez (aka Jorge), and Sonia Hernandez as individuals working for Giovanni.

6. During the course of this investigation, agents with the DEA, HSI, and members of the Tulsa Police Department (TPD) SID were able to intercept calls with an individual identified as Edson Garcia-Velasquez (aka Jorge) involving money laundering and drug distribution for the DTO.

7. On May 14, 2019, investigators executed a Federal search warrants at 1334 North Joplin Avenue and at 1817 West 45th Street located in Tulsa, Oklahoma. Investigators have identified both residences as stash houses where Edson Garcia-Velasquez' (aka Jorge) stores heroin and drug proceeds. During a search of 1334 North Joplin Avenue, investigators seized approximately 500 grams of heroin and over $7,000 dollars in cash. During a search of 1817 West 45th Street, investigators seized approximately 79 grams of heroin and over $5,000 dollars in cash. A purple LG cell phone and a white IPhone was located in the northeast bedroom of the residence. Edson Garcia-Velasquez was present during the service of the search warrant at 1817 West 45th Street and arrested.

8.      The Affiant anticipates the items in Attachment A will assist in the furtherance of their investigation into the aforementioned Drug Trafficking Organization involving Edson Garcia-Velasquez and others not yet identified. The Affiant anticipates utilizing the information obtained from the cellular telephones to identify other co-conspirators known and unknown and to corroborate investigative information obtained throughout this investigation.

9.      The Affiant knows that cellular telephones are often equipped with digital cameras and those phones possess the capability to transmit and/or store electronic images. The Affiant knows that in many cases, drug traffickers may maintain photographs of illegal drugs, large quantities of U.S. Currency, or other people involved in their narcotics trafficking business. These photos are sometimes stored in their cellular phones and often are transmitted or sent from one electronic media device to another. The Affiant also knows that cellular phones may also contain notes regarding drug trafficking that are recorded by the subject who possesses the electronics. Furthermore, the affiant knows that text messages, emails are often used by two or more persons to communicate information regarding narcotics trafficking, and other illegal activities, between phones.

10.     Based on the foregoing, the affiant has probable cause to believe that contained within the long term memory of the telephones described in Attachment "A" contain data regarding the drug trafficking activities of Edson Garcia-Velasquez. Specifically, the affiant has probable cause to believe the names and phone numbers of drug suppliers and customers, electronic notes pertaining to prices and amounts of drugs

4

sold, addresses of individuals involved in the distribution network and photographs of the narcotics will be found in the cellular telephones. These items are more fully set forth in Attachment "B".

                                                              William Mackenzie
                                                              Task Force Officer DEA

Subscribed and sworn before me on this 25th day of ~~December~~ July 2019.

                                                              Paul J. Cleary
                                                              United States Magistrate
                                                              Northern District of Oklahoma

## **ATTACHMENT A**

1. White iPhone cell phone
2. Purple LG cell phone

## ATTACHMENT B

1.    All records on the Devices described in Attachment A that relate to Possession With Intent to Distribute Heroin in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

    a.    records relating to communication with others as to the criminal offense above; including incoming and outgoing voice messages; text messages; multimedia messages; applications that serve to allow parties to communicate; all call logs; secondary phone number accounts, including those derived from Skype, Line 2, Google Voice, and other applications that can assign roaming phone numbers; and other Internet-based communication media;

    b.    records relating to documentation or memorialization of the criminal offense above, including voice memos, photographs, videos, and other audio and video media, and all ExIF information and metadata attached thereto including device information, geotagging information, and information of the relevant dates to the media;

    c.    records relating to the planning and execution of the criminal offense above, including Internet activity, including firewall logs, caches, browser history, and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, account information, settings, and saved usage information;

    d.    application data relating to the criminal offense above;

    e.    lists of customers and related identifying information;

    f.    types, amounts, and prices of drug trafficked as well as dates, places, and amounts of specific transactions; and

    g.    any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

2.    Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history;

3.    All records and information related to the geolocation of the Devices at a specific point in time;

4.    All records and information related to the coordination, agreement, collaboration, and concerted effort of and with others to violate the statutes listed in Paragraph 1 of this Attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.